IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANTON THURMAN MCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-CV-409 |
| | ) | |
| NAPH CARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The plaintiff, a prisoner of the State of North Carolina, has filed a complaint alleging that while he was in pre-trial custody at the Forsyth County Detention Center, he was denied medical care for his diabetes for a month, despite his repeated requests for insulin and other treatment, that he ended up in the hospital as a result of this deliberate indifference to his medical needs, and that even after his hospitalization he was not provided medical care for his diabetes for another week. Doc. 2. The Magistrate Judge reviewed the complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915A and recommended that the complaint be dismissed for failure to state a claim on which relief may be granted. Doc. 3. The plaintiff filed objections to the recommendation. Doc. 6. The Court has reviewed the recommendation *de novo* to the extent of the objections.

To state a claim for deliberate indifference to a medical need against an individual defendant, a pretrial detainee like Mr. McAllister "must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant

intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023). As the Magistrate Judge noted, the allegations against the named supervisory defendants are not very specific as to who knew what when, or as to how each person should have known of his serious health needs. Conclusory allegations about supervisory duties are not enough. Mr. McAllister has not alleged enough facts to assert a plausible claim against any defendant in their individual capacity.

But construed liberally, his allegations are sufficient to pass muster at the screening stage for a § 1983 claim for deliberate indifference to a serious medical need against Sheriff Kimbrough in his official capacity[1] and against defendant Naph Care.[2] He repeatedly alleges that he "told every nurse and wrote sick calls and then grievances to make clear to everyone that I was/am a known insulin dependent diabetic," Doc. 2 at

---

[1] Claims against public officials in their official capacities are claims against the government entity that employs the official. *See*, *e.g.*, *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004). Under § 1983, liability of the governmental entity is limited to actions for which the entity is "actually responsible," *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986), and can be imposed only when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978).

[2] *See Rodriguez v. Smithfield Packing Co., Inc.,* 338 F.3d 348, 355 (4th Cir. 2003) (recognizing that "private corporations can [ ] be held liable under § 1983 if an official policy or custom of the corporation cause[d] the alleged deprivation of federal rights." (internal quotation marks omitted)).

2

10; *accord, e.g., id.* at 16 (similar allegations), and that he "informed many nurses and FCLEDC officers that I was a diabetic . . .and NO ONE DID ANYTHING. I WAS TREAT[ED] AS A NUISANCE." Doc. 2 at 18. He attaches exhibits that at least to some extent corroborate his assertions. Doc. 2-2. He repeatedly alleges that despite his entreaties, he was without insulin for a month and that the denial continued for a week even after he was hospitalized as a result of his lack of insulin.

These allegations arguably allow the inference of a widespread failure to properly train officers or nurses on how to respond to insulin-dependent diabetics or of a practice of ignoring requests for medical care by insulin-dependent diabetics "that is so persistent and widespread as to constitute a custom or usage with the force of law." *See Starbuck v. Williamsburg James City Cnty. Sch. Bd.,* 28 F.4th 529, 533 (4th Cir. 2022) (internal quotation marks omitted); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003); *Jenkins v. Woody*, No. 3:15-cv-355, 2017 WL 342062 at *12-14 (E.D. Va Jan. 21, 2017). Taking all the allegations as true, which is required at this stage, allows the inference that there was a policy by the Sheriff's Department and of Naph of ignoring Mr. McAllister's requests for medical care needs despite his diabetes and need for insulin, which is arguably the kind of "flagrant violation" for which *Monell* liability is appropriate. *Owens v. Balt. City State's Att'ys Off.,* 767 F.3d 379, 403 (4th Cir. 2014). Construing the allegations liberally and drawing all reasonable inferences in favor of the plaintiff for purposes of this initial review, these claims are not clearly frivolous and will be permitted to proceed.

The Court otherwise generally agrees with the Magistrate Judge's recommendation and to the extent the plaintiff has objected, overrules those objections.

3

Mr. McAllister says in his objections that defendant Richardson was "made aware of the deprivation of meds," Doc. 6 at 1, but that allegation is not in the complaint nor is it specific as to how this defendant was "made aware." He objects because he says that that defendant Box and defendant Cornell should have known of his complaints that he was not receiving insulin, but his factual allegations are conclusory. In his objections, he says that in the grievances or medical sick calls he identified specific medical workers who knew about his insulin dependence and yet failed to provide treatment, but he has not named any of those persons as defendants. If he wants to assert claims against any of those people, he should file an amended complaint.

To allow for the possibility of an amended complaint with more detailed factual allegations, and given that the matter is before the court pursuant to § 1915A, the dismissal of all other claims will be without prejudice.

It is **ORDERED** that *in forma pauperis* status is authorized to the limited extent that this action may proceed on a Fourteenth Amendment deliberate indifference to a serious medical need claim against the Sheriff in his official capacity and against Nath Care. Otherwise, any purported claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted, for the reasons stated by the Magistrate Judge. This is without prejudice to an amended complaint that specifically names the individuals who allegedly ignored the plaintiff's entreaties for insulin as defendants or otherwise provides sufficient factual allegations to pass muster.

The Clerk shall provide Mr. McAllister with two copies of a summons and Mr. McAllister **SHALL** promptly fill out the forms fully and accurately in a way that will

4

allow valid service of process and return them to the Clerk for delivery to the Marshal or **SHALL** otherwise promptly take steps to obtain valid service on the Sheriff in his official capacity.

This the 16th day of July, 2024.

_____
UNITED STATES DISTRICT JUDGE